FILED
SUPERIOR COURT
OF GUAM

2024 FEB 26 PM 3: 34

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM,<br><br>                              Plaintiff,<br><br>vs.<br><br>**JOHN VINCENT LUJAN MENDIOLA,**<br>DOB: 04/10/1980<br><br>                              Defendant. | Criminal Case No. CF0320-15<br>GPD Report No.:  15-14342<br><br><br>**DECISION AND ORDER**<br>(Revocation of Probation) |

### INTRODUCTION

This matter came before the Honorable Alberto E. Tolentino on October 23, 2023, for a Revocation Hearing. Alternate Public Defender Peter Santos appeared for John Vincent Lujan Mendiola ("Defendant"). Assistant Attorney General Kristine Borja appeared for the People of Guam ("People"). Having considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following order **GRANTING** the People's request to revoke Defendant's probation.

### BACKGROUND

On June 04, 2015, Defendant was indicted in CF0320-15 for Possession of a Schedule II Controlled Substance (As a 3rd Degree Felony), Violation of Court Order (As a Misdemeanor), and Criminal Trespass (As a Misdemeanor). Indictment, June 4, 2015.

On March 16, 2016, Defendant pled guilty to Possession of a Schedule II Controlled Substance (As a 3rd Degree Felony). Deferred Plea Agreement, March 16, 2016. Defendant's

guilty plea was accepted and his sentence deferred for two years pending completion of the terms of the plea agreement. *Id.* at 4. If Defendant fails to complete all terms of probation, the Court may enter Defendant's guilty plea which provides that the offense carries a sentence of up to three years of incarceration with credit for time served and an additional three years of probation. *Id.* The conditions of Defendant's probation included:

- Defendant shall serve one hundred eighty-two (182) hours of community service. *Id.* at 4.

- Defendant shall attend two recovery support group meetings per week for twelve weeks after taking of Defendant's plea, for a total of 24 meetings, or as otherwise ordered by the Court. *Id.* at 5.

- Defendant shall attend and successfully complete any drug and/or alcohol counseling program recommended by Court after assessment at Guam Behavioral Health and Wellness Center and diligently report within seventy-two (72) hours from either Defendant's release from the Department of Corrections of Defendant's guilty plea, whichever is later. *Id.*

- Defendant shall report to Probation Services three times per week or as ordered by the Court. *Id.*

- Defendant shall not possess or consume any illegal controlled substances. *Id.* at 6.

- Defendant shall obey all local and federal laws. *Id.*

- Defendant was required to pay a fine of $5,000, plus court costs. *Id.* at 4

- Defendant shall not harass, threaten, physically strike, or injure Lisa Mae Aquiningoc or any other family or household member. *Id.* at 6.

Subsequently, Adult Probation Services ("Probation") filed sixteen violations against the Defendant for probation violations and the Court issued a bench warrant. The following violations were filed:

1. On June 10, 2016, Probation filed a violation against the Defendant for failure to call three times a week to the probation officer for testing schedule. The Defendant failed to call on May 11, 13, 16, 18, 20, 23, 25, 27, 30, 2016 and June 01, 03, 06, 08, 2016. On June 10, 2016, Defendant reported to the probation office and tested positive for THC. The Defendant admitted to ingesting marijuana through a signed declaration. This was Defendant's first positive since entering a Deferred Plea.

2. On July 6, 2016, Probation filed a violation against the Defendant for failure to report to probation on June 27, 29, 2016 and July 01, 05, 2016.

3. On July 29, 2016, Probation filed a violation against the Defendant for testing positive for THC. This was Defendant's second positive since entering a Deferred Plea.

4. On September 8, 2016, Probation filed a violation against the Defendant for failure to obey all laws of Gaum, noting that Defendant came a Magistrate Hearing on the charges of Family Violence (As a 3rd Degree Felony) and Aggravated Assault (As a 3rd Degree Felony) in CF0467-16 on August 5, 2016.

5. On January 30, 2017, Probation filed a violation against the Defendant for testing positive for THC. This was Defendant's third positive since entering a Deferred Plea.

6. On February 20, 2017, Probation filed a violation against the Defendant for testing positive for THC. This was Defendant's fourth positive since entering a Deferred Plea.

7. On March 17, 2017, Probation filed a violation against the Defendant for failure to attend the GBHWC treatment program.

8. On April 17, 2017, Probation filed a violation against the Defendant for failure to obey all laws of Guam, noting that Defendant was charged with FAMILY VIOLENCE (As a Misdemeanor), CRIMINAL MISCHIEF (As a Misdemeanor), and VIOLATION OF A COURT ORDER (As a Misdemeanor) under CM0227-17.

9. On August 28, 2018, Probation filed a violation against the Defendant for failure to report to the Probation Office three times a week in person, and failed to complete the 24 social support meetings.

10. On April 23, 2019, Probation filed a violation against the Defendant for testing positive for THC. This was Defendant's fifth positive since entering a Deferred Plea. Defendant also failed to attend and submit attendance for sober support meetings, with 19 of 24 meetings left to attend.

11. On April 23, 2019, Probation filed a violation against the Defendant for testing positive for THC. On March 5, 2019, Defendant challenged presumptive positive results for THC. On March 18, 2019, the Probation Office received confirmed results that the probationer's urine was positive for marijuana. This was Defendant's sixth positive and first challenged test since entering a Deferred Plea. Defendant failed again on March 15, 2019, testing positive for THC with Defendant challenging the results. On March 27, 2019, the Probation Office received confirmed results that the probationer's urine was positive for marijuana with a level of 6485 ng/ml, higher than the previous test on March

5, 2019. This was Defendant's seventh positive and second challenged test since entering a Deferred Plea.

12. On May 21, 2019, Probation filed a violation against the Defendant for failure to report to the Probation Office three times a week in person after being released from the Department of Corrections on April 29, 2019.

13. On June 24, 2019, Probation filed a violation against the Defendant for failure to report to the Probation Office five times per week. Defendant failed to attend a scheduled assessment for treatment following a positive drug test. The Court ordered that the probationer be reassessed for treatment based on a positive drug test in March 2019. An assessment was scheduled for June 10, 2019, at 11:00a.m. and the probationer failed to attend the appointment. Defendant also failed to attend and submit attendance for sober support meetings, with 19 of 24 meetings left to attend.

14. On August 21, 2019, Probation filed a violation against the Defendant for failure to report to the Probation Office once a week in person.

15. On January 6, 2022, Probation filed a violation against the Defendant for failure to obey all laws of Gaum. On December 31, 2021, a magistrate complaint was filed against the Defendant for the charges of Family Violence (As a 3rd Degree Felony) and Family Violence (As a 3rd Degree felony) in CF0673-21.

16. On July 12, 2023, Probation filed a violation against the Defendant for failure to obey all laws of Gaum. On July 10, 2023, an indictment was filed against the Defendant for the charge of Possession of a Schedule II Controlled Substance (As a 3rd Degree Felony) in CF0443-23.

Additionally, a bench warrant was issued in this case. On June 25, 2019, a criminal bench warrant was issued for failure to appear before the Court. The People filed a Motion to Revoke Defendant's Probation and Impose Jail Sentence on October 4, 2023. The Court then held a Revocation Hearing on October 18, 2023, upon the People's Motion to Revoke Defendant's Probation.

## DISCUSSION

Title 9 G.C.A. § 80.66(a)(2) provides "[a]t any time before the discharge of the offender or the termination of the period of suspension or probation . . . the court, if satisfied that the offender has inexcusably failed to comply with a substantial requirement imposed as a condition of the order may revoke the suspension or probation and sentence or re-sentence the offender. Violation of a condition shall not result in revocation, however, unless the court determines that revocation under all the circumstances then existing will best satisfy the ends of justice and the best interests of the public." When a court revokes probation, it is empowered to sentence the defendant to any sentence that may it have originally imposed. 9 G.C.A § 80.66(b). The decision to revoke probation is discretionary, and there is no bright-line rule for when revocation is appropriate. *United States v. Gallo*, 20 F.3d 7, 14–15 (1st Cir. 1994).

The Supreme Court of Guam has held "probation is a favor granted by the state, not a right to which a criminal defendant is entitled." *People v. Camacho*, 2009 Guam 6 ¶ 26. The Supreme Court of Guam reasoned that while probation "implicates a liberty interest," the probationer is not entitled to the "full panoply of due process rights due to other criminal defendants." *Id.* Probationers facing potential revocation are entitled to: "(1) notice of claimed

violations; (2) [an] opportunity to hear and present evidence; (3) the conditioned right to confront adverse witnesses; (4) an independent decision maker; and (5) a written report of the hearing." *Id.* Probation revocation is a two-step process. The first step is to "make a factual determination that a violation of a condition of probation has actually occurred." *Id.* at 27. If the violation is proven, the second step is for the Court to ". . . determine if the violation warrants revocation of probation." *Id.*

## A. Defendant violated his conditions of probation.

The standard for determining whether a probationer violated a condition of his probation is that "the evidence and the facts be such as reasonably necessary to satisfy the judge that the probationer's conduct has not been as required by the conditions of probation. *Id.* at ¶ 30. The Court's decision to revoke "must be based on credible evidence, but the defendant bears the burden of showing an excuse for failure to comply with the condition." *Id.*

After reviewing the violations filed by Probation at the Revocation Hearing, the Court finds that Defendant has inexcusably violated multiple conditions of his probation on several occasions.

## B. Whether Defendant's violation of Probation warrants revocation.

The Supreme Court of the United States has stated that with regard to probation revocation, "the State clearly has an interest in punishment and deterrence, but this interest can often be served fully by alternative means. [T]he state is not powerless to enforce judgments against those financially unable to pay a fine. For example, the sentencing court could extend the time for making payments, or reduce the fine, or direct that the probationer perform some

form of labor or public service in lieu of the fine." *Bearden v. Georgia*, 461 U.S. 660, 671–72 (1983) (internal citations and quotations omitted).

A probationer's violation of probation warrants revocation when the violation upsets the intent of the probation conditions. *See Camacho*, 2009 Guam 6 ¶ 31. In *Camacho*, the Supreme Court of Guam held that a probationer's violation of his probation conditions was serious enough to warrant revocation where the probationer failed to report for drug tests and where the defendant failed to pay a fine. *Id.* The Supreme Court of Guam reasoned that because the defendant was convicted of drug-related offenses, the purpose of the testing probation condition was to ensure the defendant remained sober. *Id.* The Supreme Court of Guam also acknowledged that failure to pay a fine alone was not as serious as the failure to report for drug tests. *Id.*

Defendant has failed to make substantial progress towards completing his probation conditions. If Defendant were to benefit from probation, he would have made greater progress towards completing his treatment. The purpose of a condition for treatment is sustained sobriety; however, sobriety becomes unattainable without the right support. Defendant frequently fails to report to Probation, has failed numerous drug tests, has failed to attend sober support meetings, and has committed several new criminal offenses showing that he is a danger to the community.

The theory of treatment conditions include: aiding rehabilitation and averting recidivism. Treatment provides the prospect of a better quality of life and a capability of sobriety, both of which would ease Defendant back into society. However, Defendant's absence

from reports frustrates the purpose of seeking recovery. Defendant was granted the opportunity, time, and support to comply with his conditions. Yet, Defendant deliberately avoids doing so.

Although Defendant's probationary period has not expired, he has made little progress on his probation conditions and committed several new criminal offenses. Accordingly, it is in Defendant's best interest for the Court to revoke probation.

## CONCLUSION AND ORDER

For the above reasons, the Court **GRANTS** the People's request to revoke Defendant's probation. Defendant's probation is hereby revoked and Defendant's guilty plea will be entered in criminal case CF0320-15 per the terms of the Deferred Plea Agreement.

SO ORDERED, *Nunc Pro Tunc* to October 23, 2023, this _____ day of FEB 2 6 2024 , 2024.



HONORABLE ALBERTO E. TOLENTINO
Judge, Superior Court of Guam